UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CRISTINA RAMIREZ FONUA, successor-in-interest and mother of Decedent STONY RAMIREZ, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF HAYWARD, a municipal corporation, et al.,<br><br>Defendants. | Case No: 21-cv-03644 SBA<br><br>**ORDER GRANTING MOTIONS TO APPOINT GUARDIAN AD LITEMS**<br><br>Dkt. 24 & 25 |

## I.   BACKGROUND

Plaintiffs Cristina Ramirez Fonua ("Ms. Ramirez Fonua"); B.E.R., minor child of Decedent Stoney Ramirez; and B.H.R., minor child of Decedent Stoney Ramirez (collectively, "Plaintiffs") bring the instant action against Defendants City of Hayward (the "City"), a municipal corporation; Toney Chaplin, individually and in his official capacity as Chief of Police for the City; Kyle Martinez, individually and in his official capacity as a police officer for the City; and Dynaton Tran, individually and in his official capacity as a police officer for the City (collectively, "Defendants").

Decedent Stoney Ramirez ("Mr. Ramirez") was unmarried at the time of his death and died intestate. Compl. ¶ 4, Dkt. 1. On May 20, 2020, police officers shot and killed Mr. Ramirez in Hayward, California. Id. ¶ 14. Minors B.E.R. and B.H.R. are Mr. Ramirez's biological children. Id. ¶¶ 6-7. Along with Ms. Ramirez Fonua, who is Mr. Ramirez's biological mother, minors B.E.R. and B.H.R. bring this wrongful death action against Defendants.

As set forth in the Court's Order dated October 5, 2021, Plaintiffs previously filed petitions to appoint guardians ad litem for B.E.R. and B.H.R. Dkt. 16, 16-1. The Court denied those petitions without prejudice on the grounds that the requests were not properly filed as separate motions and failed to provide pertinent information, i.e., whether B.H.R. and/or B.E.R. have general guardians or other duly appointed representatives. Dkt. 20.

On October 8, 2021, Plaintiffs filed the instant motions to appoint Ms. Ramirez Fonua as guardian ad litem for both B.H.R. and B.E.R. Dkt. 24, 25. Regarding B.E.R., the motion states that Ms. Ramirez Fonua is B.E.R.'s natural grandmother and legal guardian. Dkt. 24 at 2. Regarding B.H.R., the motion provides that B.H.R. does not have a duly appointed representative. Dkt. 25 at 2. Although Ms. Fonua is B.H.R.'s natural grandmother, she is not B.H.R.'s legal guardian. Id. The motion further provides that "[i]t is Plaintiffs' understanding that there was a Child Protective Services proceeding to remove B.H.R. from [her biological mother's] custody in early 2020." Id. Plaintiffs have been unable to contact B.H.R.'s biological mother. Id.

## II.  LEGAL STANDARD

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). B.H.R. and B.E.R. are domiciled in California. Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings. Cal. Fam. Code §§ 6500, 6601. In federal court, a general guardian, committee, conservator, or "like fiduciary" may sue or defend on behalf of a minor. Fed. R. Civ. P. 17(c)(1). "A minor … who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor … who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); see also Cal. Civ. Proc. Code § 372(a) (providing that a minor shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court).

"The purpose of a guardian ad litem is to protect the minor's interests in the litigation." <u>Williams v. Superior Court</u>, 147 Cal. App. 4th 36, 47 (2007). "A guardian ad litem is not a party to the action, but is the party's representative and an officer of the court." <u>Id.</u> A guardian ad litem must act "with the interest of the guardian's charge in mind." <u>Id.</u> "Thus, when considering the appropriate guardian ad litem for a minor plaintiff in a civil lawsuit, the central issue is the appropriate protection of the minor's legal right to recover damages or other requested relief." <u>Id.</u>; <u>see also</u> Cal. Civ. Proc. Code § 372 (b)(1) ("In making the determination concerning the appointment of a particular guardian at litem, the court shall consider whether the minor and the guardian have divergent interests."). "In the absence of a conflict of interest … the appointment is usually made on application only and involves little exercise of discretion." <u>Williams</u>, 147 Cal. App. 4th at 47 (quotation marks and citation omitted); <u>see also</u> <u>Davis v. Walker</u>, 745 F.3d 1303, 1310 (9th Cir. 2014) ("The decision to appoint a guardian ad litem under Rule 17(c) is normally left to the sound discretion of the trial court and is reviewed only for abuse of discretion.").

### III.   DISCUSSION

Ms. Ramirez Founa is the natural grandmother and has legal custody of B.E.R. Decl. of Ramirez Founa ISO Mot. to Appoint GAL for B.E.R. ¶ 3, Dkt. 24-1. She is willing to serve as B.E.R.'s guardian ad litem. <u>Id.</u> ¶ 6. Ms. Ramirez Founa is also the natural grandmother of B.H.R., but does not have legal custody of B.H.R. Decl. of Ramirez Founa ISO Mot. to Appoint GAL for B.H.R. ¶ 3, Dkt. 25-1. It appears that B.H.R. was removed from her natural mother's custody in 2020, and Plaintiffs has been unable to contact B.H.R.'s natural mother. <u>Id.</u> Ms. Ramirez Founa is willing to serve as B.H.R.'s guardian ad litem. <u>Id.</u> ¶ 6. Although Ms. Ramirez Founa is also a party to this action, she declares that she has no interest adverse to that of B.E.R. and B.H.R. <u>Id.</u>; Decl. of Ramirez Founa ISO Mot. to Appoint GAL for B.E.R. ¶ 6. She explains that her interests regarding liability and damages are aligned with those of B.E.R. and B.H.R., noting that their respective claims to damages are individual and not adverse. <u>Id.</u>

Upon considering the instant motions and the operative pleading, the Court finds it appropriate to appointment a guardian ad litem for B.E.R. and B.H.R. for purposes of prosecuting this action. Furthermore, it appears that Ms. Ramirez Founa has no interests adverse to the rights of B.E.R. and B.H.R. and is competent to act as guardian ad litem. The Court notes that B.E.R. and B.H.R. are also represented by competent counsel. Should it appear that a conflict of interest has arisen between Ms. Ramirez Founa and B.E.R. and/or B.H.R. at any time in the future, counsel shall promptly notify the Court.

IV.   **CONCLUSION**

In view of the foregoing, the motions to appoint Ms. Ramirez Founa as guardian ad litem for B.E.R. and B.H.R. are GRANTED. Dkt. 24, 25.

IT IS SO ORDERED.

Dated: January 4, 2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge