UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA RAMIREZ FONUA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HAYWARD, et al.,<br><br>Defendants. | Case No. 21-cv-03644-RS<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING APPOINTMENT OF GUARDIAN AD LITEM** |

Plaintiffs seek to substitute as guardian ad litem minor child B.H.R.'s mother, Kendra Garcia, for B.H.R.'s current guardian ad litem and grandmother, Cristina Ramirez Fonua. Plaintiffs point out Garcia is B.H.R.'s current legal guardian and assert she has no conflicting interests with B.H.R. In their previous motion requesting Fonua's appointment as guardian ad litem in 2021, Plaintiffs represented "there was a Child Protective Services [CPS] proceeding to remove B.H.R. from [Garcia's] custody in early 2020" and they were "unable to contact" Garcia. Dkt. 25, at 2.[1] In their current motion, Plaintiffs offer no explanation regarding how this removal proceeding by CPS, or their previous inability to locate Garcia, might bear on whether Garcia is a suitable guardian ad litem for B.H.R.

Federal Rule of Civil Procedure 17(c) entrusts district courts with the responsibility to safeguard the interests of minor litigants. *See, e.g.*, *Konen v. Caldeira*, No. 22-cv-5195, 2023 WL 4595143, at *1 (N.D. Cal. July 17, 2023) (citing *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th

---

[1] In that motion, Plaintiffs referred to Garcia as "Kendra Lum."

Cir. 2011)). The district court, therefore, must ensure a guardian ad litem will represent the minor child's best interests. *Brown v. Alexander*, No. 13-cv-1451, 2015 WL 7350183, at *2 (N.D. Cal. Nov. 20, 2015) (citing *Williams v. Sup. Ct.*, 147 Cal. App. 4th 36, 47 (Cal. Ct. App. 2007)). A parent may not control or influence a minor child's litigation where they have an actual or potential conflict of interest with the minor child. *Williams*, 147 Cal. App. at 50.

In order to ensure no conflict of interest exists between Garcia and B.H.R., Plaintiffs are directed to provide supplemental briefing (if appropriate, under seal) by November 3, 2023, explaining (1) whether CPS removed B.H.R. from Garcia's custody in 2020, and, if so, why CPS took this action, (2) the circumstances of Plaintiffs' inability to locate Garcia in 2021, and (3) why Garcia should be appointed guardian ad litem, assuming B.H.R. was removed from her custody in 2020, notwithstanding this removal. Defendants are also invited (but not required) to file briefing on whether Garcia would be a suitable guardian ad litem for B.H.R. by November 3, 2023.

**IT IS SO ORDERED**.

Dated: October 23, 2023

_____
RICHARD SEEBORG
Chief United States District Judge