United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRISTINA RAMIREZ FONUA, et al.,

  Plaintiffs,

  v.

KYLE MARTINEZ, et al.,

  Defendants.

Case No. 21-cv-03644-RS

**ORDER GRANTING MOTIONS FOR MINOR'S COMPROMISE, SEALING MOTION**

Plaintiffs have filed revised motions seeking a minor's compromise on behalf of minor Plaintiffs B.H.R. and B.E.R.[1] In this case, Plaintiffs averred violations of the Fourth Amendment, Fourteenth Amendment, and California statutory and common law relating to the shooting death of Stony Ramirez. The settlement is fair and reasonable, and the motions are granted. Plaintiffs' sealing motion, which seeks to keep under seal the names and birth dates of the minors, is also granted.

District courts are responsible for safeguarding the interests of minor litigants pursuant to Federal Rule of Civil Procedure 17(c). *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). When a proposed settlement involves a minor plaintiff, it is the district court's role to "determine whether the settlement serves the best interests of the minor." *Id.* (citation omitted). This inquiry focuses on whether the "net recovery of each minor plaintiff is fair and reasonable,

---

[1] The original motions will be terminated as moot, given they that they have been replaced by amended motions.

without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182. A court should assess the "facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases." *Id.* Courts have applied the *Robidoux* standard to cases involving claims under both federal and state law despite the fact *Robidoux* was limited to federal claims. *See, e.g.*, *Parenti v. County of Monterey*, No. 14-cv-5481, 2019 WL 1245145, at *3 (N.D. Cal. Mar. 18, 2019). Once a district court is satisfied a settlement is fair and reasonable, funds are usually ordered to be deposited into blocked accounts for the minor's benefit. *See, e.g.*, *Granados v. City of Gilroy Police Dep't*, No. 21-cv-1116, 2022 WL 17489175, at *1 (N.D. Cal. Dec. 7, 2022).

The gross settlement here is in the amount of $875,000.00. Under its terms, minor Plaintiffs B.H.R. and B.E.R. are each entitled to 45% of the gross settlement ($393,750.00), less attorney's fees of 25% ($98,437.50) of the total settlement and 45% ($5,262.33) of the total litigation costs ($11,694.05). Thus, each minor will receive $290,050.17. Of this amount, $9,348.23 (for each minor) will be dispensed to FDIC-insured, court-blocked accounts. For B.E.R., these funds will be distributed by Court order, with the balance to be distributed on their eighteenth birthday in 2035. For B.H.R., this sum will be distributed to their guardian ad litem, Kendra Garcia, on January 1 (or as soon as possible thereafter) each year beginning in 2026 in $500 installments to be used for B.H.R.'s sole benefit, including the yearly purchase of clothes, food, entertainment, and other expenses. The balance will be distributed to B.H.R. on their eighteenth birthday in 2030.

The remaining settlement ($280,701.94) for each minor will be used to purchase tax-free structured settlement annuity policies that will make monthly payments to the minors when they become adults as well as several lump-sum payments. These settlements reflect fair and reasonable compromises in the best interests of B.H.R and B.E.R. This determination is made after assessing other settlements, which vary greatly in amount, for minors who suffered the death of a parent. *See, e.g.*, *Doss v. County of Alameda*, No. 19-cv-7940, 2022 WL 6156551, at *1 (N.D. Cal. Oct. 7, 2022) (approving minor's compromise of $748,382.95 per minor); *Garcia v. County of*

*Kern*, No. 1:20-cv-0093 JLT, 2021 WL 3674519, at *5 (E.D. Cal. Aug. 19, 2021) (approving settlement where $350,000.00 would be divided into six shares). The settlement amount to be disbursed to each minor is significant and in their best interests. The attorney fees were set pursuant to a contingency fee arrangement entered into by Plaintiffs and their counsel.

## CONCLUSION

The revised motions for a minor's compromise for minor Plaintiffs B.H.R. and B.E.R. are granted. Additionally, Plaintiffs' sealing motion is granted; that motion simply seeks to seal the minors' birth dates and full names. The settlement reached by the parties on behalf of both minors is approved as detailed in the motions filed by the parties and this order. Attorney fees and costs are approved as detailed in the motions.

After dispensation of $9,348.23 to court-blocked accounts for each minor Plaintiff, as detailed above, $280,701.94 will be used to fund an annuity account for each. No part of the structured settlement annuity may be paid to Petitioner. Receipts documenting the purchase of each annuity is to be filed with the Court within 60 days.

1) On behalf of minor Plaintiff B.H.R., the following period payments will be made by Pacific Life Insurance Company:
   a. Period Certain Annuity - $2,500.00 monthly beginning on B.H.R.'s eighteenth birthday in 2030. Payable for twelve (12) years guaranteed.
   b. Guaranteed Lump Sum Payment - $25,000.00 lump sum payment on B.H.R.'s birthday in 2034.
   c. Guaranteed Lump Sum Payment - $50,000.00 lump sum payment on B.H.R.'s birthday in 2037.
   d. Guaranteed Lump Sum Payment - $74,308.43 lump sum payment on B.H.R.'s birthday in 2042.
2) On behalf of minor Plaintiff B.E.R., the following period payments will be made by United of Omaha Life Insurance Company:
   a. Period Certain Annuity - $3,000.00 monthly beginning on B.E.R.'s eighteenth

1   birthday in 2035. Payable for twelve (12) years guaranteed.

2       b. Guaranteed Lump Sum Payments - $30,000.00 lump sum payment on B.E.R.'s

3   birthday in 2039.

4       c. Guaranteed Lump Sum Payment - $60,000.00 lump sum payment on B.E.R.'s

5   birthday in 2042.

6       d. Guaranteed Lump Sum Payment - $151,267.84 lump sum payment on B.E.R.'s

7   birthday in 2047.

**IT IS SO ORDERED**.

Dated: August 20, 2024

_____
RICHARD SEEBORG
Chief United States District Judge